NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JANCARLO CARBAJO, ET AL. | : | |
| | : | |
| Plaintiff(s), | : | Civil Action No. 09-5661 (JLL) |
| | : | |
| v. | : | |
| | : | |
| J.C. PENNEY CO., INC., ET AL. | : | |
| | : | |
| Defendant(s). | : | |

REPORT AND RECOMMENDATION

      This matter comes before the Court on the motion of Plaintiffs to remand this action to the Superior Court of New Jersey. (CM/ECF Docket Entry No. 7.)  The Court has reviewed the submissions in support of and in opposition to the motion.  Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard.  This Report and Recommendation is rendered pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons expressed below, I respectfully recommend that the Court enter an Order denying Plaintiffs' motion.

BACKGROUND

      On or about October 26, 2009, Plaintiffs Jancarlo Carbajo, an infant by his guardian ad litem Carlos Carbajo, Milagros Carbajo and Carlos Carbajo, individually, filed a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County against Defendants J.C. Penney Company, Inc. ("J.C. Penney"), Woodbridge Center Mall, John Does 1-5 and ABC, Inc. 1-5, John Does 6-15 and ABC, Inc. 6-15, and XYZ, Inc. 1-5.  Plaintiffs' Complaint arises out of injuries sustained by Plaintiff Jancarlos Carbajo while riding on an escalator at the Woodbridge Center Mall.  On November 5, 2009, Defendant J.C. Penney filed a Notice of Removal, asserting that this Court has original jurisdiction over the action because there is diversity of citizenship and the amount in controversy exceeds $75,000.

      On November 12, 2009, Plaintiffs filed the instant motion to remand.  Defendant J.C. Penney opposed Plaintiffs' motion.

DISCUSSION

I.      **Legal Standard for Removal**

Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove a plaintiff's state court action to federal district court if the plaintiff's action could otherwise have been commenced in federal court. See 28 U.S.C. § 1441(a) ("any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ..."). Thus, "[t]o qualify for removal, the cause of action must be a claim 'of which the district courts of the United States have original jurisdiction.'" Penn v. Wal-Mart Stores, 116 F.Supp.2d 557, 561 (D.N.J. 2000) (quoting 28 U.S.C.§ 1441(a)).

## II.   Standard for Remand

A party may seek to remand a civil action back to state court based on lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). A party opposing remand must show that removal was proper. See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), *cert denied*, 498 U.S. 1085 (1991). The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Federico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Moreover, removal statutes are to be strictly construed and all doubts must be resolved in favor of remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).


## III.   Analysis
### A.   Complete Diversity

Pursuant to 28 U.S.C. § 1332, a district court has original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between, *inter alia*, citizens of different states. See 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d. Cir. 2010). For purposes of diversity jurisdiction and removal, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." See 28 U.S.C. § 1332(c)(1).

Plaintiffs first seem to argue that this case should be remanded for lack of complete diversity. Plaintiffs' argument, however, appears to assert that diversity is lacking because Defendant J.C. Penney "is subject to in personam jurisdiction in New Jersey and the case may therefore proceed in the Superior Court of New Jersey, Middlesex County." (Pl. Brief at P. 10.) Plaintiffs seem to argue that personal jurisdiction over J.C. Penney in New Jersey would render J.C. Penney a citizen of New Jersey, the same state of Plaintiffs' citizenship, and destroy complete diversity. Plaintiffs provide no support for such an argument and confuse the issue of personal jurisdiction with diversity. The mere fact that the Superior Court could exercise personal jurisdiction over J.C. Penney has no bearing on whether removal by J.C. Penney was proper.

Defendant J.C. Penney is incorporated in the State of Delaware and has its principal place

of business in Texas, and is therefore a citizen of both Delaware and Texas. No facts in the record indicate that Defendant J.C. Penney is a citizen of New Jersey. Defendant J.C. Penney is clearly a citizen of Delaware and Texas. As Plaintiffs are citizens of New Jersey, Defendant J.C. Penney is diverse from Plaintiffs.[1]

Plaintiffs also argue that there is no complete diversity here because an entity known as "Kone," whom they 'fictitiously named' in their Complaint and intend to add as a party, would destroy complete diversity. (Pl. Brief at P. 14.) As of the date of this Report & Recommendation, no Summons has been issued for such a fictitious party and no such defendant has been named in this action, despite the fact that this case was removed in November 2009. Morever, it appears that Kone is a Delaware corporation with its principal place of business in Illinois. (Dft. Br. At P. 14, Moscow Cert. Ex. D.) Kone has submitted a letter to the Court confirming this assertion. (Moscow Cert. Ex. D - Ltr. from Kone dated Nov. 23, 2009.) Plaintiffs do not dispute Kone's citizenship in their reply brief. Thus, it appears that even if Plaintiffs did name Kone as a party defendant in this case, complete diversity would still exist.

As discussed above, Plaintiffs are citizens of New Jersey. To the extent Plaintiffs' Complaint contains John Does as catch-all defendants, they are to be disregarded in the context of removal. See 28 U.S.C. § 1441(a) ("For purposes of removal, ... the citizenship of parties sued under fictitious names shall be disregarded.") Thus, Plaintiffs are diverse from all named Defendants in this case. Accordingly, the Court concludes that complete diversity of citizenship exists.

### B. Rule of Unanimity

In addition to the jurisdictional requirements for removal, it is a well-established principle that removal requires unanimity among multiple defendants. See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995); Lewis v. Rego, 757 F.2d 66, 68 (3d. Cir. 1985). "The rule of unanimity, while not requiring every defendant to sign the actual notice of removal, generally requires every defendant served in the [state court] action to provide 'some form of unambiguous written evidence of consent [to removal] to the court in a timely fashion.'" Brown v. Jersey City Parking Auth., 2008 WL 4117454 at *2 (quoting Michaels v. New Jersey, 955 F.Supp. 315, 321 (D.N.J. 1996)). However, the rule of unanimity may be disregarded when a non-resident defendant has not been served at the time the removing defendants filed their petition. See Balazik, 44 F.3d at 213; Granovsky v. Pfizer, Inc., 631 F.Supp.2d 554, 559 (D.N.J. 2009). This exception to the rule of unanimity is known as the "non-service exemption." See Evanston Ins. Co. v. Cozen O'Conner, P.C., 2007 WL 869614, *1 (D.N.J. Mar. 20, 2007).

Plaintiffs argue that remand is appropriate because "all defendants have failed to timely

---

[1] Plaintiffs request that they be permitted to conduct discovery on the nature of Defendant J.C. Penney's business in New Jersey. Plaintiffs assert that such discovery would demonstrate "additional facts and circumstances further cementing the State Court's ability to exercise jurisdiction over the Defendants." (Pl. Brief at P. 16). As discussed above, the issue of whether the state court may exercise personal jurisdiction over Defendant J.C. Penney has no bearing on whether J.C. Penney's Notice of Removal was proper. Accordingly, Plaintiffs' request for jurisdictional discovery is hereby denied.

join in the Petition [for removal] or expressly consent to removal of this action." (Pl. Brief at P. 13.) However, it appears that the other named Defendant in this matter, Woodbridge Center Mall, had not been served at the time of removal. (Dft. Br. at P. 9.) Indeed, Plaintiff requested that the Clerk of this Court issue a summons for Woodbridge Center Mall on November 12, 2009, seven days after the case was removed to this Court. (Id.) Accordingly, under the non-service exemption to the rule of unanimity, Woodbridge Center Mall need not consent to removal.

Moreover, the Court is constrained to note that Woodbridge Center Mall submitted to the Court a letter indicating that, although it contends it has not been properly served, it "joins in the notice of removal filed by defendant J.C. Penney to remove this action to federal court." (Ltr., dated Nov. 19, 2009, CM/ECF Docket Entry No. 13.) Woodbridge Center Mall asserts that it is a limited liability company whose members are all residents of the State of Illinois. (See id.) No evidence has been submitted which is contrary to this assertion. Accordingly, the Court concludes that Woodbridge Center Mall is a citizen of Illinois and is diverse from Plaintiffs and, even assuming its consent to removal was required, such consent has been received by the Court.

Likewise, although non-party Kone has not been named a party to this suit, it too has proffered its consent to removal. (See Moscow Cert. Ex. D - Ltr. from Kone dated Nov. 23, 2009.) Accordingly, the Court concludes that the rule of unanimity is satisfied and does not bar removal of this matter.

### C. Amount in Controversy

Defendant J.C. Penney asserts that the amount in controversy in this matter exceeds $75,000. Plaintiffs do not dispute that the amount in controversy is satisfied. The Court concludes that the amount in controversy in this matter exceeds $75,000.

### CONCLUSION

For the foregoing reasons, this Court concludes that removal was proper and respectfully recommends that Plaintiffs' motion to remand be denied.

    *s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: June 8, 2010**